**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**David HILL, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

**v.**

**David Hill, Defendant—Appellant.**

**Nos. 09–6049, 09–6413.**

United States Court of Appeals,
Fourth Circuit.

Submitted: May 29, 2009.

Decided: June 29, 2009.

David Hill, Appellant Pro Se. Dana James Boente, Acting United States Attorney, Alexandria, Virginia, for Appellee.

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hill seeks to appeal the district court's orders denying his Fed.R.Crim.P. 33 motion (No. 09–6049) and subsequent motion for reconsideration (No. 09–6413). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R.App. P. 4(b)(1)(A); *see Awon v. United States,* 308 F.3d 133, 139 (1st Cir.2002) (applying Rule 4(b) to Rule 33 motion for new trial). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R.App. P. 4(b)(4); *United States v. Reyes,* 759 F.2d 351, 353 (4th Cir.1985).

The district court entered its order denying Hill's motion for reconsideration on January 15, 2009. Hill filed the notice of appeal in No. 09–6413 on February 23, 2009,* after the ten-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the cases to the district court for the court to determine whether Hill has shown excusable neglect or good cause warranting an extension of the ten-day appeal period in No. 09–6413. The record, as supplemented, will then be returned to this court for further consideration of both appeals.

*REMANDED.*

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).